IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

MAR - 9 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

UNITED STATES OF AMERICA )
)
v. )   Criminal No.      3:06cr340–9–HEH
)   Civil Action No.  3:12cv182
DAVID RAY ROY )

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

On January 24, 2012, the Court received a letter from David Ray Roy asserting

that the Court improperly calculated his sentence and requesting that counsel be

appointed to assist him in challenging his sentence. (Dk. No. 406.) Any motion to

vacate, set aside, or correct a sentence is a motion pursuant to 28 U.S.C. § 2255. *See*

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new

trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application

for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls."

(citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996))); *United States v.*

*Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not

circumvent the limitations on successive § 2255 motions simply by inventive labeling).

Accordingly, the Court construes the January 26, 2012 letter as Roy's second motion

pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").[1]

---

[1] On September 19, 2011, by Memorandum Opinion and Order, the Court denied Roy's
first motion pursuant to 28 U.S.C. § 2255 and denied a certificate of appealability. *United States
v. Roy*, No. 3:06cr340–9–HEH (E.D. Va. Sept. 19, 2011).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to entertain Roy's successive § 2255 Motion. Accordingly, the § 2255 Motion (Dk. No. 406) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[2]

An appropriate Order will accompany this Memorandum Opinion.

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 8, 2012
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Roy has not satisfied this standard.

2